IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| John Doe, ) | |
| ) | Civil Action No. 3:20-2755-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Mark Keel, in his official capacity as ) | |
| Chief of South Carolina Law Enforcement ) | **ANSWER** |
| Division, South Carolina Law ) | **(Jury Trial Requested)** |
| Enforcement Division ("SLED"), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Defendants Mark Keel and South Carolina Law Enforcement Division ("SLED") answer the Plaintiff's Complaint herein as follows:

**FOR A FIRST DEFENSE**

1. The Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained.

2. The allegations set forth in the unnumbered "preliminary statement" are in violation of Rule 10(b), FRCP, which states: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response to the unnumbered "preliminary statement" is deemed required, the allegations are denied as a whole. Additionally, the Defendants object because the Plaintiff uses the term "Defendant" in the singular and fails to identify the Defendant to which he is referring. That is a

recurrent deficiency throughout the Complaint. To the extent that the unnumbered "preliminary statement" is construed as alleging a cause of action, the Defendants deny all liability. Likewise, the Defendants deny any declaratory, injunctive, and monetary relief as alleged in the unnumbered "preliminary statement."

3. The allegations set forth in Paragraph 1 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

4. The allegations set forth in Paragraphs 2 and 3 of the Plaintiff's Complaint are denied as pled.

5. As to the allegations set forth in Paragraph 4 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. The Plaintiff has not filed any pleading with the Court, under seal or otherwise, providing his identity. The Plaintiff has also not obtained leave of court to proceed by way of a pseudonym, thereby depriving this court of jurisdiction.

6. The allegations set forth in Paragraph 5 of the Plaintiff's Complaint are denied. The Defendants object to the Plaintiff's use of a pseudonym in this litigation.

7. As to the allegations set forth in Paragraph 6 of the Plaintiff's Complaint, the Defendant SLED is an agency of the State of South Carolina. Further answering, the Defendants crave reference to Chapter 3 of Title 23 of the South Carolina Code of Laws for the Defendant SLED's jurisdiction, authority, and responsibilities under the law.

8. The allegations set forth in Paragraph 7 of the Plaintiff's Complaint are admitted.

9. As to the allegations set forth in Paragraphs 8 and 9 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act ("SORA") as

codified at S.C. Code Ann. § 23-3-400, *et seq.*, including the specific statutes cited by the Plaintiff.

10.     The allegations set forth in Paragraph 10 of the Plaintiff's Complaint are admitted.

11.     The allegations set forth in Paragraph 11 of the Plaintiff's Complaint are denied as stated. Further answering, the Defendant Mark Keel is not the "acting Chief."

12.     As to the allegations set forth in Paragraphs 12, 13, and 14 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act ("SORA") as codified at S.C. Code Ann. § 23-3-400, *et seq.*, including the specific statutes cited by the Plaintiff.

13.     The allegations set forth in Paragraph 15 of the Plaintiff's Complaint are denied.

14.     As to the allegations set forth in Paragraphs 16 and 17 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act as codified at S.C. Code Ann. § 23-3-400, *et seq.*, including the specific statutes cited by the Plaintiff.

15.     The allegations set forth in Paragraph 18 of the Plaintiff's Complaint are denied.

16.     As to the allegations set forth in Paragraphs 19 and 20 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act as codified at S.C. Code Ann. § 23-3-400, *et seq.*, including the specific statutes cited by the Plaintiff.

17.     The allegations set forth in Paragraphs 21 and 22 of the Plaintiff's Complaint are denied as stated. Further answering, the Defendants aver that S.C. Code Ann. § 23-3-430(E), (F), and (G) provide the methods for removal from the sex offender registry.

18.     The allegations set forth in Paragraph 23 of the Plaintiff's Complaint are denied.

19. The allegations set forth in Paragraph 24 of the Plaintiff's Complaint are denied as stated. Further answering, the Defendants aver that S.C. Code Ann. § 23-3-430(E), (F), and (G) provide the methods for removal from the sex offender registry once a sex offender has completed the initial registration process. The Defendants further aver that individuals who have been adjudged by a court of competent jurisdiction of the offenses listed in S.C. Code Ann. § 23-3-430 or a comparable offense are deemed to be sex offenders under SORA and are required to complete the initial registration process and are included on the registry unless removed pursuant to S.C. Code Ann. § 23-3-430(E), (F), and (G).

20. The allegations set forth in Paragraph 25 of the Plaintiff's Complaint are denied. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff.

21. As to the allegations set forth in Paragraph 26 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act as codified at S.C. Code Ann. § 23-3-400, *et seq*. Further answering, the Defendants admit only that a sex offender who relocates to another state is required to comply with the terms of S.C. Code Ann. § 23-3-460(F), and during the period of time that sex offender lives out-of-state, the in person bi-annual or quarterly registration process is suspended until such time as the sex offender returns to South Carolina. The sex offender remains in the sex offender registry for life unless removed pursuant to S.C. Code Ann. § 23-3-430(E), (F), and (G), and the most current information SLED has on the sex offender is listed with a designation that the sex offender is located "out of state." The allegations set forth in Paragraph 26 inconsistent with the foregoing are denied.

22. The allegations set forth in Paragraph 27 of the Plaintiff's Complaint are denied.

23. As to the allegations set forth in Paragraph 28 of the Plaintiff's Complaint, the Defendants craves reference to the provisions of the Sex Offender Registry Act as codified at S.C. Code Ann. § 23-3-400, *et seq*., including the specific statutes cited by the Plaintiff. As to the allegations set forth in the second sentence of Paragraph 28, the Defendants deny that sex offender registry is operated contrary to or in violation of S.C. Code Ann. § 23-3-410(A).

24. The allegations set forth in Paragraphs 29 and 30 of the Plaintiff's Complaint are denied.

25. As to the allegations set forth in Paragraphs 31 through 36 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 31 through 36 are denied.

26. As to the allegations set forth in Paragraph 37 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation and, therefore, deny these allegations.

27. As to the allegations set forth in Paragraphs 38 through 44 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 38 through 44 are denied.

28. The allegations set forth in Paragraph 45 of the Plaintiff's Complaint are denied.

29. As to the allegations set forth in Paragraphs 46 through 53 of the Plaintiff's Complaint, the Defendants deny those allegations and any conclusions or opinions cited therein.

30. The allegations set forth in Paragraph 54 of the Plaintiff's Complaint are denied.

31. The allegations set forth in Paragraph 55 of the Plaintiff's Complaint are denied.

32. As to the allegations set forth in Paragraphs 56 through 65 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 56 through 65 are denied, including all allegations that the Defendants' conduct has resulted in any alleged harm to the Plaintiff.

33. As to the allegations set forth in Paragraph 66 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein.

34. The allegations set forth in Paragraphs 67 and 68 of the Plaintiff's Complaint are denied.

35. As to the allegations set forth in Paragraph 69 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraph 69 are denied.

36. The relief sought in Paragraph 70 of the Plaintiff's Complaint are denied.

37. As to the allegations set forth in Paragraph 71 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein. The Defendants object to the jumbling of causes of action.

38. The allegations set forth in Paragraph 72 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

39. The allegations set forth in Paragraphs 73, 74, and 75 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law and burden of proof governing substantive due process. The Defendants also aver that the Plaintiff has failed to state a claim for a violation of substantive due process.

40. The allegations set forth in Paragraph 76 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

41. The allegations set forth in the first sentence of Paragraph 77 of the Plaintiff's Complaint are, upon information and belief, admitted. The allegations set forth in the second sentence of Paragraph 77 of the Plaintiff's Complaint are denied.

42. The allegations set forth in Paragraph 78 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law and burden of proof governing substantive due process.

43. The allegations set forth in Paragraph 79 of the Plaintiff's Complaint are denied as stated. The Defendants object to an uncited "holding" purportedly from the United States Supreme Court as an improper allegation.

44. The allegations set forth in Paragraph 80 of the Plaintiff's Complaint are denied.

45. As to the allegations set forth in Paragraphs 81 and 82 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 81 and 82 are denied.

46. The allegations set forth in Paragraph 83 of the Plaintiff's Complaint state a legal conclusion to which no response is required. The Defendants object to an uncited quotation purportedly from the United States Supreme Court as an improper allegation.

47. As to the allegations set forth in Paragraph 84 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraph 84 are denied.

48. The allegations set forth in Paragraph 85 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law and burden of proof governing substantive due process.

49. As to the allegations set forth in Paragraphs 86 and 87 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with

certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 86 and 87 are denied.

50. The relief sought in Paragraphs 88 and 89 of the Plaintiff's Complaint are denied.

51. As to the allegations set forth in Paragraph 90 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein. The Defendants object to the jumbling of causes of action.

52. The allegations set forth in Paragraph 91 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

53. The allegations set forth in Paragraph 92 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law as applicable to his procedural due process claim.

54. The allegations set forth in Paragraph 93 of the Plaintiff's Complaint are denied as stated. The Defendants object to an uncited quotation purportedly from "multiple federal circuit courts."

55. As to the allegations set forth in Paragraphs 94, 95, and 96 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 94, 95, and 96 are denied.

56. The allegations set forth in Paragraph 97 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law as applicable to his procedural due process claim.

57. As to the allegations set forth in Paragraphs 98 and 99 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 98 and 99 are denied.

58. The relief sought in Paragraphs 100 and 101 of the Plaintiff's Complaint are denied.

59. As to the allegations set forth in Paragraph 102 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein. The Defendants object to the jumbling of causes of action.

60. The allegations set forth in Paragraph 103 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

61. The allegations set forth in the first two sentences of Paragraph 104 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the law as applicable to his equal protection claim. The allegations set forth in the third sentence of Paragraph 104 are denied.

62. As to the allegations set forth in the first sentence of Paragraph 105 of the Plaintiff's Complaint, the Defendants admit that South Carolina statutory law requires lifetime registration. The remaining allegations set forth in Paragraph 105 are denied.

63. The allegations set forth in Paragraphs 106 of the Plaintiff's Complaint are denied.

64. As to the allegations set forth in Paragraphs 107, 108, and 109 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with

the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 107, 108, and 109 are denied.

65. The allegations set forth in Paragraphs 110 of the Plaintiff's Complaint are denied.

66. As to the allegations set forth in Paragraph 111 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraph 111 are denied.

67. The relief sought in Paragraphs 112 and 113 of the Plaintiff's Complaint are denied.

68. As to the allegations set forth in Paragraph 114 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein. The Defendants object to the jumbling of causes of action.

69. The allegations set forth in Paragraph 115 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

70. The allegations set forth in Paragraph 116 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

71. The allegations set forth in Paragraphs 117, 118, 119, and 120 of the Plaintiff's Complaint are denied.

72. As to the allegations set forth in Paragraph 121 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court,

under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraph 121 are denied.

73. The relief sought in Paragraphs 122 and 123 of the Plaintiff's Complaint are denied.

74. As to the allegations set forth in Paragraph 124 of the Plaintiff's Complaint, the Defendants reiterate and reallege each corresponding paragraph of this Answer set forth herein. The Defendants object to the jumbling of causes of action.

75. The allegations set forth in Paragraph 125 of the Plaintiff's Complaint state a legal conclusion to which no response is required. Further answering, the Defendants disagree with and deny the Plaintiff's characterization of the Tort Claims Act.

75. As to the allegations set forth in Paragraphs 126 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff.

76. As to the allegations set forth in Paragraphs 127, 128, 129, 130, and 131 of the Plaintiff's Complaint, the Defendants lack sufficient information to plead a response to this allegation. Further answering, the Plaintiff is identified only by way of pseudonym and has not filed any pleading with the Court, under seal or otherwise, providing his identity. Therefore, the Defendants cannot plead with certainty with respect to allegations related to the Plaintiff. To the extent a response is required, the allegations set forth in Paragraphs 127, 128, 129, 130, and 131 are denied, including the allegation that SLED's conduct is defamatory.

77. The relief sought in Paragraphs 132 and 133 of the Plaintiff's Complaint are denied. Further answering, punitive damages and attorney's fees are not recoverable in a claim brought pursuant to the South Carolina Tort Claims Act. *See*, S.C. Code Ann. § 15-78-120(b); *Knoke v. South Carolina Department of Parks, Recreation and Tourism*, 324 S.C. 136, 478 S.E.2d 256 (1996).

78. The allegations and relief sought in the Prayer for Relief are denied.

## FOR A SECOND DEFENSE

79. The Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted. The Defendants reserve their right to file a motion pursuant to Rule 12(b)(6), FRCP, and/or Rule 12(c), FRCP.

## FOR A THIRD DEFENSE

80. The Plaintiff's claims are, in whole or in part, barred by the applicable statutes of limitations, including S.C. Code Ann. § 15-78-110.

## FOR A FOURTH DEFENSE

81. The Plaintiff's claims are, in whole or in part, barred by the defense of laches.

## FOR A FIFTH DEFENSE

82. The Plaintiff's claims are, in whole or in part, barred by the defense of waiver.

## FOR A SIXTH DEFENSE

83. The Plaintiff's claims are, in whole or in part, barred by the defense of estoppel.

## FOR A SEVENTH DEFENSE

84. The Plaintiff's claims for monetary relief are barred by Eleventh Amendment immunity.

**FOR AN EIGHTH DEFENSE**

85. The Defendants Mark Keel, in his official capacity, and SLED are not "persons" amenable to suit under 42 U.S.C. § 1983.

**FOR A NINTH DEFENSE**

86. The Plaintiff has failed to mitigate his damages, thereby barring his recovery in whole or in part.

**FOR A TENTH DEFENSE**

87. As to the Sixth Cause of Action, the Defendants assert the defense of sovereign immunity, pursuant to the terms of the South Carolina Tort Claims Act, including but not limited to the definition of "loss" as set forth in S.C. Code Ann. § 15-78-30(f), the damages caps set forth in S.C. Code Ann. § 15-78-120, and the bar on the recovery of punitive damages, pre-judgment interest, and attorney's fees.

**FOR AN ELEVENTH DEFENSE**

88. As to the Sixth Cause of Action, the Defendants are absolutely immune from suit pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*., specifically the immunities set forth in S.C. Code Ann. §§ 15-78-60(1), (2), (3), (4), (5), (14), (17), and (20).

**FOR A TWELFTH DEFENSE**

89. The Defendants assert the defense of sovereign immunity as to all claims for money damages including any claims for punitive damages.

**FOR A THIRTEENTH DEFENSE**

90. As to the Sixth Cause of Action, the Defendant Mark Keel is entitled to employee immunity under S.C. Code Ann. § 15-78-70 to the extent that the defamation claim is construed as being against him individually, which is denied.

**FOR A FOURTEENTH DEFENSE**

91. As to the Sixth Cause of Action, the Defendants are entitled to absolute immunity under *Long v. Seabrook* and its progeny.

**FOR A FIFTEENTH DEFENSE**

92. The statements on which the Plaintiff's defamation cause of action is based are true or substantially true.

**FOR A SIXTEENTH DEFENSE**

93. The Defendants are entitled to an absolute privilege for the statements on which the Plaintiff's defamation cause of action is based.

**FOR A SEVENTEENTH DEFENSE**

94. The Defendants are entitled to a qualified privilege for the statements on which the Plaintiff's defamation cause of action is based.

**FOR AN EIGHTEENTH DEFENSE**

95. The statements on which the Plaintiff's defamation cause of action is based set forth matters of public interest and concern, were made without malice, and therefore are constitutionally privileged under the First and Fourteenth Amendments of the United States Constitution.

**FOR A NINETEENTH DEFENSE**

96. The statements on which the Plaintiff's defamation cause of action is based are matters of public interest and concern, were made without malice, and therefore are privileged under the common law of South Carolina.

**FOR A TWENTIETH DEFENSE**

97. Upon information and belief, no summons was issued for the Defendant SLED. The Defendant SLED therefore reserves its right to file a motion pursuant to Rule 12(b)(4), FRCP.

**FOR A TWENTY-FIRST DEFENSE**

98. The Plaintiff has filed suit by using the pseudonym "John Doe" in violation of Rule 10(a), FRCP, and without providing any filing that identifies his true identity and without obtaining leave of court to proceed anonymously. The Court therefore lacks jurisdiction over the Plaintiff, and the Defendants reserves their right to file a motion pursuant to Rule 12(b)(1), FRCP and Rule 12(b)(2), FRCP.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendants Mark Keel and South Carolina Law Enforcement Division pray that the Complaint be dismissed with prejudice, for the denial of all declaratory, injunctive, and monetary relief as sought, for the costs of this action, and for such other and further relief as the Court deems just and proper.

LINDEMANN, DAVIS & HUGHES, P.A.

BY:  *s/ Andrew F. Lindemann*
ANDREW F. LINDEMANN     #13030
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldh-law.com

*Counsel for Defendants Mark Keel and*
*South Carolina Law Enforcement Division*

September 3, 2020