UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Civil Action 3:20-cv-2755

**JOHN DOE**,

    *Plaintiff*,

v.

**MARK KEEL**, in his official capacity as Chief of South Carolina Law Enforcement Division,

**SOUTH CAROLINA LAW ENFORCEMENT DIVISION ("SLED")**,

    *Defendants.*

---

**PLAINTIFF'S LR 26.03 STATEMENT**

---

JOHN DOE, by and through undersigned counsel, provides the following responses under Local Rule 26.03:

### (1.)   Brief Statement of Facts

Plaintiff challenges Defendants' implementation of South Carolina's sex offender registry. Specifically, this case asks whether the registry statute or the United States Constitution permits Defendants to list John Doe—a resident of Georgia with no active registration requirements—on South Carolina's online sex offender registry.

South Carolina Law Enforcement Division ("SLED"), under the direction of Chief Mark Keel, is responsible for implementing and maintaining the South Carolina sex offender registry. In this capacity, Defendants operate a publicly available online

[1]

database that publishes the names, pictures, addresses, and other personal information of over 8,100 out-of-state individuals. Among them is Plaintiff John Doe.

In 2010, Doe committed a victim-less sex crime while in a Yahoo chatroom. He was twenty years old at the time. Since then, Doe has not committed any criminal offenses. In May of 2015 Doe moved from South Carolina to Georgia. After living in Georgia for three years, Doe successfully petitioned to deregister as a sex offender there. As of this date, Doe does not owe a duty to register as a sex offender anywhere in the world.

Doe contacted Defendants multiple times in hopes of resolving this issue without litigation. Defendants have refused to remove Doe from their registry, instead taking the position that once a person is on their registry, they are on the registry "for life."

Defendants' inclusion of Doe on their online sex offender registry continues to materially injure Doe's reputation, employment, housing, right to travel, and right to parent.

### (2.) Fact Witnesses

**John Doe** can testify to biographical information about himself, the details of his underlying conviction, his experience in treatment, and can explain the injuries he has suffered from Defendants' conduct.

**Jane Doe**—Plaintiff's wife—can testify to her observations of Plaintiff Doe, his role in their family, and the impact Defendants' conduct has had on their family.

**Dr. Thomas Martin** can testify to Doe's sex offender treatment and can testify that Doe is a very low risk to reoffend.

### (3.) Expert Witnesses

**Dr. Thomas Martin**, in addition to being a fact witness, can testify about sex offender treatment generally, including the differences between offenders, recidivism rates, and predictions of dangerousness.

**Anticipated Expert**, in the field of law enforcement and community safety to explain that publishing inaccurate information about out-of-state offenders does not aid law enforcement efforts in South Carolina or otherwise advance the goal of community safety.

### (4.) Summary of Claims and Defenses

Plaintiff alleges that Defendants' conduct must be enjoined as an illegal misapplication of South Carolina's sex offender registry statute. S.C. Code § 23-3-400, *et seq.* First, by publishing the names of non-resident offenders, Defendants exceed the authority conveyed to them by statute. Second, by failing to impose any restrictions on the public's access to the online registry, Defendants violate the statutory mandate to "establish a secure system to ensure that *only authorized persons* may gain access to information gathered."

Plaintiff claims that Defendants' conduct violates his rights to equal protection under the law and to substantive and procedural due process under the Fourteenth Amendment. Plaintiff also claims that Defendants—by implementing the registry scheme in a baldly punitive way—are violating his right to be free from multiple punishments under the Fifth Amendment. Each of these constitutional claims are actionable against Defendant Keel in his official capacity under 42 U.S.C. § 1983.

[3]

Finally, Plaintiff alleges that Defendants' conduct constitutes defamation under South Carolina law. *See Kennedy v. Richland Cty. School Dist. Two*, 428 S.C. 98, 114, 833 S.E.2d 414, 423 (Ct. App. 2019) (approving defamation action against state actor under SCTCA). Plaintiff's claim is based on Defendants' inclusion of his personal information on their online registry, which intentionally conveys knowingly false and injurious statements about him—namely, that he is a sex offender under South Carolina law, that he is dangerous to the community, and that his whereabouts are being monitored by law enforcement. Damages are available for this claim under the South Carolina Tort Claims Act, S.C. Code § 15-78-10, *et seq*.

### (5.) Discovery Deadlines

The parties have consented, by joint agreement, to a modified discovery schedule.

### (6.) Special Circumstances affecting the Scheduling Order

N/A.

### (7.) Additional Information

N/A.

Respectfully submitted this 8th day of October, 2020.

(signature line on following page)

[4]

*s/ Allen Chaney*

_____

**Allen Chaney**
**(Federal Bar No. 13181)**
SOUTH CAROLINA JUSTICE PROJECT
1220 Laurens Road, Ste B
Greenville, SC 29607
Ph. (720) 634-5493
allen@scjusticeproject.org

*s/ Susan K. Dunn*

_____

**Susan Dunn**
**(Federal Bar No. 637)**
ACLU OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
Ph. 843-720-1423
sdunn@aclusc.org

*s/ Shirene Hansotia*

_____

**Shirene Hansotia**
**(Federal Bar No. 12558)**
ACLU OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
Ph. 843-720-1423
shansotia@aclusc.org

*Attorneys for Plaintiff*